LAWRENCE and another vs. THE STATE.

*November 15 — November 30, 1880.*

CRIMINAL LAW AND PRACTICE. *(1) Employment of attorney whose house
had been broken, etc., to assist in prosecuting for the burglary.
(2) Return to writ of error.*

1. On trial of an information for burglary, the person who is alleged in the
information to have been the owner of the house broken and entered,
and of property stolen therein, being an attorney-at-law, was permitted
to assist the district attorney at the request of that officer. No other
special interest in the prosecution on the part of such attorney was
shown. *Held,* that his participation in the trial is no ground of reversal.
2. Evidence returned with a writ of error, but not included in a bill of
exceptions, cannot be considered by this court.

ERROR to the Circuit Court for *Racine* County.

The cause was submitted on the brief of *S. & A. S. Ritchie*
for the plaintiff in error, and that of the *Attorney General*
for the state.

LYON, J. An information against the plaintiffs in error was
filed in the circuit court of Racine county, charging them with
the crime of burglary. The dwelling-house which it is charged
they broke and entered, and a portion of the property which it

is charged they stole therein, are alleged in the information to have been the property of John T. Fish. The plaintiffs in error were tried for the offense charged in the information, and convicted, and each was sentenced to four years' imprisonment in the state prison. They have brought the case to this court by writ of error, and the only error alleged as ground for reversal is, that, at the request of the district attorney, the said John T. Fish (who is an attorney-at-law) was permitted, against the objection of the plaintiffs in error, to assist the district attorney on the trial. He examined the witnesses for the state, and argued the case to the jury. The reason assigned by the district attorney for desiring the assistance of Mr. Fish was, that the preliminary examination of the accused was conducted by him. The ground of the objection was, that Mr. Fish is named in the information as the owner of the dwelling-house alleged to have been broken and entered by the plaintiffs in error, and of a portion of the property alleged to have been stolen by them therefrom.

The power of the trial court, in the exercise of a sound discretion, to permit other counsel to assist the district attorney in prosecutions for crimes, is not questioned by the learned counsel for plaintiffs in error. But it is claimed that the assistant must have no interest in the prosecution, and that if a counsel having such interest be allowed to assist therein against the objection of the accused, and a conviction follows, the judgment should be reversed. Cases are cited, notably Michigan cases, which hold this rule. But on this record we are not called to any extended examination of this question, or any discussion or determination of it, for the reason that the record fails to show that Mr. Fish had any pecuniary or other special interest in the prosecution. It does not appear that he made the original complaint. It may have been made by the district attorney or some other person. It does not appear that he was retained by any private prosecutor or person to prosecute the plaintiffs in error, or that he was to receive, or

Lawrence and another vs. The State.

expected to receive, compensation for his services from any source. Neither does it appear that he had brought, or intended to bring, any civil action which could be affected by a conviction of the plaintiffs in error. Notwithstanding he was one of the persons directly injured by the alleged crime, there is nothing in the record to show that he had any greater interest in the prosecution than any other citizen.

Doubtless it has often happened that criminal prosecutions have been instituted by persons other than the immediate sufferers from the alleged crimes, and vigorously pressed to convictions, while such immediate sufferers have remained entirely indifferent thereto. Outside of his professional connection with the case, there is nothing in this record to show that Mr. Fish was not in that condition. It is believed that none of the cases go to the extent of excluding an attorney thus situated from participation in the prosecution. Certainly our statute does not. If, therefore, it be conceded that it would be an abuse of discretion to allow an attorney who has a direct personal interest in obtaining a conviction, to assist the district attorney in a prosecution for crime, still we cannot disturb this judgment; for the record fails to disclose any such abuse in this case.

We find a mass of testimony with the return to the writ of error, but it is not included in any bill of exceptions, and is not, therefore, a part of the record. It must be disregarded.

*By the Court.* — The judgment of the circuit court is affirmed.