THE STATE, Defendant in error, vs. HIRTH and others, Plaintiffs in error.

*November 9 — November 23, 1886.*

*Criminal law: Milwaukee municipal court: Change of venue: Calling in judge of adjoining circuit.*

Ch. 218, Laws of 1883 (sec. 4686a, R. S.), is applicable to the municipal court of Milwaukee county; and when a change of venue is applied for on account of the prejudice of the judge, that court, in lieu of sending the cause to the circuit court for Milwaukee county, may call upon the judge of an adjoining circuit to hold the said municipal court for the trial of that action.

ERROR to the Municipal Court of *Milwaukee* County.

The case is sufficiently stated in the opinion.

*R. N. Austin,* for the plaintiffs in error. [No brief on file.]

*W. C. Williams,* for the defendant in error. [No brief on file.]

ORTON, J. The plaintiffs in error were indicted, tried convicted, and sentenced, for conspiracy and riot, in the municipal court of Milwaukee county. Before the trial the defendants objected to the jurisdiction of the court, which objection was overruled, and the defendants excepted. There was also a motion for a new trial and a motion in arrest of judgment, which were overruled, and exception taken.

One of the objections argued in the court below, and the

only one argued in this court, depended upon the legality of the following proceedings: *Carl Simon*, one of said defendants, applied for a change of venue on the ground, and made affidavit, that he could not have a fair trial of said action in said court on account of the prejudice of the judge thereof. The court, *in lieu* of awarding a change of venue, in said action, made an order requesting the Hon. A. Scott Sloan, the judge of the Thirteenth judicial circuit, it being the adjoining circuit, to hold the court where such action was pending, for the trial of the same, and caused a certified copy of such order to be forthwith delivered to said judge; and said judge, immediately upon the receipt thereof, appointed in writing a reasonable time thereafter when he would hold such court for the trial of said action. At the time so fixed said judge proceeded to try said action, with the result above stated.

The learned counsel of the plaintiffs in error contend that, by the statutes of this state, said action should have been sent for trial to the circuit court of Milwaukee county, and that the said judge of the Thirteenth circuit had no jurisdiction thereof. The rules of statutory interpretation and construction are well known. From an examination of the statutes relating to the question we are satisfied that the intention of the legislature can be gathered from the language, without resorting to more foreign rules of interpretation. It may be conceded that the general statute in relation to a change of venue on account of the prejudice of the judge is applicable to the municipal court of Milwaukee county; as sec. 2509, R. S., providing what shall be done upon a change of venue being granted on account of the prejudice of the judge, must be based upon the general statute. That statute provides that the venue shall be changed to the circuit court of Milwaukee county unless the judge of that court is also prejudiced; then to some county in a circuit adjoining Milwaukee county.

By sec. 2, ch. 103, Laws of 1883, there has been added to .the above section the provision that "whenever such change of the place of trial shall be applied for by one or more, but not all, of the several defendants in any indictment or information, in any case where a separate trial has not been previously awarded to the defendant or defendants making such application, the court in every case where it is adjudged that the place of trial be changed to the circuit court of Milwaukee county, shall order the change of the place of trial as to all of the defendants named in such indictment or information in the same manner and with like effect as if all had joined in such application," etc. This is a most excellent provision, to avoid the trouble and expense of more than one trial.   In such case there can be no objection, constitutional or otherwise, made by any of the defendants, for they are all tried in the county where the offense was committed and the indictment found.   The circuit court and the municipal court of Milwaukee county have the same *territorial* jurisdiction in the county of Milwaukee.

The same legislature of 1883 subsequently enacted. ch. 218, which adds a section to ch. 190, R. S., relating to change of venue in criminal cases, as sec. 4686*a*, which provides that, "when a change of venue, in any criminal action pending *in any court of record* of any county of this state, .shall be applied for in any such court in the manner provided by law, on account of the prejudice of the judge .thereof, such court *may, in lieu of awarding a change of venue therein,* make an order requesting the circuit judge of .an adjoining circuit to hold the court where such action is pending for the trial of such action," etc.

·The legislature had made provision for the trial of *all of .the defendants* in the circuit court of Milwaukee county, :where the change of venue had been granted on the appli- ·cation of one or more of them, but not of all, by the mu-

nicipal court of that county; and, in view of its being a very proper provision in relation to Milwaukee courts of record, it occurred, no doubt, to the legislature to make a *general law*, applicable to all the courts of record in the state, which would make it lawful for all the defendants to be tried together in case one or more of them made application for a change of venue on account of the prejudice of the judge. This general law is as applicable to Milwaukee courts as to all other courts of record in the state.

Now, as the law stands in its application to Milwaukee courts, the venue may be changed to the circuit court of Milwaukee county, "*or, in lieu* of awarding a change of venue therein, request the circuit judge of an adjoining circuit to hold the court where such action is pending for the trial of such action." The municipal court of Milwaukee county can do either, and the same object is accomplished, namely, all of the defendants can be tried together. These statutes are not at all in conflict. The change of venue in all cases may be *commuted* by requesting the judge of an adjoining circuit to hold the court where the criminal action is pending, and in that way all of the defendants can be tried together. When there are several defendants, and only one applies for a change of venue, it would be better to have the judge of an adjoining circuit hold the court where the action is pending, and avoid the trouble, expense, and complication of sending away the case as to the one applying for the change and retaining the case for the trial of the other defendants. The above statute, allowing all of the defendants to be tried in the circuit court of Milwaukee county to which the change is made, was only necessary in order to remove the cause as to the defendants who had not applied therefor, but in all other respects the defendants' rights were well secured by being tried within the county, although in another court.

To state it again, the statute authorizing the calling in

of the judge of an adjoining circuit to try the case is a general law, applicable to all courts of record of any county in the state, not excepting the courts of record of Milwaukee county; and in Milwaukee county the municipal court may, under this general law, call upon a judge of an adjoining circuit to hold that court for the trial of the case when a change of venue has been applied for, *in lieu* of removing the case to the circuit court of Milwaukee county. This is a double advantage to Milwaukee courts, for in either case all of the defendants can be tried together. The construction of these statutes, if they need any construction, is very simple and plain. The language can have but one meaning, and there is no conflict of statutes. The question is complicated by referring to and considering other statutes and decisions having very remote, if any, bearing upon the construction of the above statutes, which in themselves are not difficult to understand or to execute.

We are satisfied that the Hon. A. SCOTT SLOAN, the judge of the Thirteenth judicial circuit of the state, being the adjoining circuit thereto, had jurisdiction to hold the municipal court of Milwaukee county for the trial of this case, by virtue of the statutes for such case made and provided, and that the conviction and sentence of the defendants were lawful and without error.

*By the Court.*— The judgment of the municipal court of Milwaukee county is affirmed.