Biemel vs. The State.

BIEMEL, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 8 — March 27, 1888.*

CRIMINAL LAW AND PRACTICE. *(1) Murder: Justifiable homicide: Setting aside verdict. (2, 3) Counsel to assist district attorney: Employment by private persons: Milwaukee municipal court.*

1. In a prosecution for murder, where the accused admits the killing and the only defense is that it was justifiable homicide, the evidence must be very clearly in favor of the accused to justify this court in setting aside a verdict against him which has been sustained by the trial court.

2. An attorney employed by and expecting compensation from private persons should not be permitted, even at the request of the district attorney, to appear and aid in the prosecution of a person charged with a crime punishable by imprisonment in the state prison.

3. Ch. 354, Laws of 1887, providing for the appointment of counsel to assist the district attorney, is applicable to the municipal court of Milwaukee county and the judge thereof.

ERROR to the Municipal Court of *Milwaukee* County. The case is stated in the opinion.

For the plaintiff in error there were briefs by *Markham, Williams & Bright*, attorneys, and *Edward S. Bragg*, of counsel, and oral argument by *Mr. A. H. Bright.* To the point that counsel receiving pay from private parties should not have been permitted to assist in the prosecution, they cited, besides cases cited in the opinion, *Comm. v. Wilson*, 2 Cush. 590; *Comm. v. Tuck*, 20 Pick. 364; *People v. Hendryx*, 58 Mich. 319.

For the defendant in error there was a brief by the *Attorney General* and *L. K. Luse*, Assistant Attorney General, and oral argument by the *Attorney General.* To the point that it was not error to permit private counsel to assist the district attorney in prosecuting the case, they cited *Rounds v. State*, 57 Wis. 45; *Lawrence v. State*, 50 id. 507; *State v. Bartlett*, 55 Me. 200; *State v. Wilson*, 24 Kan. 189; *Griffin*

Biemel vs. The State.

*v. State,* 15 Ga. 476; *Jarnagin v. State,* 10 Yerg. 529; *Martin v. State,* 16 Ohio, 364; *Burkhard v. State,* 18 Tex. App. 599; *Wood v. State,* 92 Ind. 269; *People v. Blackwell,* 27 Cal. 65; *U. S. v. Hanway,* 2 Wall. Jr. 139; *Edwards v. State,* 47 Miss. 581; 1 Bish. Crim. Proc. sec. 281; Whart. Crim. P. & P. sec. 555.

TAYLOR, J. The plaintiff in error was tried upon an information for the murder of one Pagel, in the municipal court of Milwaukee county. On the trial, the plaintiff in error was convicted of manslaughter in the third degree. The plaintiff in error, upon the return of the verdict, moved the court to set aside the verdict, and grant a new trial, upon the minutes of the court, for the following reasons: (1) That the court erred in refusing to permit the defendant to show the employment of Mr. R. N. Austin, the attorney who appeared for the state, and his payment by private parties; and that the court erred in holding that counsel for the state receiving pay from private parties should be permitted to take part in the trial on behalf of the state. (2, 3) That the verdict is contrary to the evidence and to the charge given by the court. (4) That the verdict is perverse and contrary to the law and facts. (5) That justice has not been done the defendant. The motion was overruled, and the defendant excepted; and after judgment was pronounced upon the verdict he settled a bill of exceptions in the case and brings the judgment and proceedings on the trial to this court upon a writ of error for review.

As we have concluded that the learned judge of the municipal court erred in refusing to permit the defendant to show that Mr. Austin, who appeared and assisted the district attorney in prosecuting on behalf of the state, was employed and paid by private parties to aid in such prosecution, we shall not pass upon the other causes of error assigned by the learned counsel for the plaintiff in error,

further than to say that when the accused admits the killing, and the only defense is justifiable homicide, the evidence would have to be very clearly in favor of the accused upon the question involved in order to justify this court in setting aside the verdict against the decision of the trial judge refusing a new trial upon that ground.

The question involved in the first assignment of error has not heretofore been presented to this court in the form presented in this case, and we are now called upon for the first time to determine whether, upon the trial of a person accused of a high crime involving his imprisonment in the state prison for life or for a term of years, private persons may employ counsel, whether from good or bad motives, and send them into our courts to prosecute persons accused of such crimes, and whether the courts may allow such paid attorneys to prosecute the accused against his consent. We think public policy, and the fair, just, and impartial administration of the criminal law of the state, make it the duty of the courts to exclude the paid attorneys of private persons from appearing as prosecutors. That public policy is against permitting them to prosecute, is, we think, clearly indicated by the several provisions of our laws upon the subject of criminal prosecutions.

The statutes provide for the election in each county of a prosecuting attorney, and they make it his duty to appear and prosecute all persons informed against or indicted for crimes in the courts of his county, and when for any reason there is no public prosecutor in the county, the court in which the prosecution is pending shall appoint some one to prosecute the accused. Sec. 752, R. S., says it shall be the duty of the district attorney to prosecute all criminal actions in the circuit courts of his county, etc., and all criminal actions, except for common assault and battery and actions for breaches of the peace by the use of abusive or threatening words, before any magistrate, when requested by the

magistrate before whom the action is pending, and upon like request to attend all criminal examinations before any magistrate; and at the request of a grand jury to appear before them and examine witnesses, to give advice, to draw all bills of indictment and informations, and issue subpœnas and other processes for the attendance of witnesses. Sec. 754 reads as follows: " No district attorney shall receive any fee or reward from or on- behalf of any prosecutor or *other individual,* for services in any prosecution or business to which it shall be his official duty to attend; nor be concerned as attorney or counsel for either party, other than for the state or county, in any civil action depending upon the same state of facts upon which any criminal prosecution commenced but undetermined shall depend; nor shall any district attorney while in office be eligible to or hold any judicial office whatever." Sec. 750 provides for the appointment of a person in the place of the district attorney when the office is vacant, or when the district attorney is absent from the court unable to attend to his duties, or when he shall have acted as attorney for or be near of kin to the accused, and when the person shall be so appointed by the court he shall for the time being perform all the duties and have all the powers of the district attorney. Sec. 4649 directs that all informations for crimes shall be signed by the district attorney and filed by him.

In addition to these provisions, the legislature, recognizing the propriety of giving the district attorney the aid of other counsel in the prosecution of important or intricate cases, by ch. 354, Laws of 1887, has provided " that the circuit judges, within their respective circuits, are authorized in their discretion to appoint counsel to assist the district attorney in the prosecution of persons charged with crime in all cases when the crime charged is punishable by imprisonment in the state prison. Such additional counsel shall be paid in the same manner as now provided by law

for the payment of counsel for indigent criminals." This last act was undoubtedly passed, recognizing the fact that in some criminal cases there was great propriety if not a necessity for furnishing the district attorney aid in their prosecution. The propriety of such aid had been recognized by this court in the cases cited below; and it may be reasonably inferred that this act was passed to sanction the custom of the courts which had grown up in the state of allowing the district attorneys the aid of assistant counsel in difficult cases, and at the same time to regulate and limit it to the appointment of counsel who are not paid by private parties but from the public funds, thereby placing the assistant attorney in the same impartial and unprejudiced position as the prosecuting attorney.

It cannot be claimed that either before or since the passage of the act of 1887 private parties could thrust their hired attorneys into the courts to take charge of or assist the district attorney in the prosecution of any criminal case, without the consent of the court and the district attorney. Whenever attorneys other than the district attorney have been heretofore permitted to appear in a criminal case, they have come in by the consent of both the court and the district attorney, and not upon any claim of right to be there by the employment of private individuals. Heretofore no case has come before this court where the trial judge has permitted any one to appear as the assistant of the district attorney when it was shown that he was employed by private parties and came into court at their request. In this case, defendant, by his counsel, offered to show on the trial of this case the *status* of Mr. Austin, who appeared in court to aid in the prosecution of the defendant.

Before entering upon the trial the counsel for the defendant stated to the court: " I desire, before counsel other than those employed by the state proceed to take part in the trial of this case by act or conduct, to raise the question

so that it shall appear upon the record that on behalf of the defendant we enter our protest and objection against the appearance on behalf of the state of any person employed for reward by any private association or private person.    Such we charge to be the condition which the counsel who has just risen for the state occupies, and we offer — unless it be admitted — to prove that fact upon the record, so that we may have the ruling of the court."    To this proposition the learned judge of the municipal court replied: "This court has always refused to go into the investigation as to compensation of counsel."    The counsel for the defendant answered: "We do not desire to prove the amount of compensation the attorney is to receive, but offer to show that he is employed by an organization known as the 'Sailors' Union,' so that we stand in fact defending ourselves against the Union."    The court then remarked: "What do the gentlemen say on the other side?"    The district attorney replied: "The only thing I can say about the matter is, Mr. Austin appears in this case to assist me at my request."    In a further conversation between the counsel for the defendant and the district attorney, it was stated that Mr. Austin appeared at the preliminary examination of the accused, but not at the request of the district attorney; that the district attorney did not request him to go there, and did not know that he was employed by the Sailors' Union.    The attorney for the defense then offered to prove that Mr. Austin was employed by private parties. The court refused to permit the proofs, and the counsel for the defendant duly excepted.

The evidence in the case shows that the person alleged to have been killed by the defendant was a member of the Sailors' Union, and there was also evidence in the case tending to show that Pagel, the deceased, and another Union sailor, came on the vessel where the defendant was and where Pagel was shot, for the purpose of removing the de-

fendant off the vessel. For the purposes of this decision, we must treat the case as though the defendant had proved by competent evidence that Mr. Austin, who appeared and assisted in the prosecution by the permission of the court, was employed for that purpose by the Sailors' Union or by some other private parties, and that he was to receive a compensation for his services from such Union or other private parties, and from them only. The question for determination is whether it is in accord with the statutes and laws of the state and with public policy that the court should permit an attorney employed by and expecting compensation from private parties to appear and aid in the prosecution of a person charged with a crime punishable by imprisonment in the state prison.

We think it is quite clear from the reading of our statutes on the subject, as well as upon public policy, that an attorney employed and paid by private parties should not be permitted either by the courts or by the prosecuting attorney to assist in the trial of such criminal cases. The laws have clearly provided that the district attorney, who is the officer provided by the laws of the state to initiate and carry on such trials, shall be unprejudiced and unpaid except by the state, and that he shall have no private interest in such prosecution. He is an officer of the state, provided at the expense of the state for the purpose of seeing that the criminal laws of the state are honestly and impartially administered, unprejudiced by any motives of private gain, and holding a position analogous to that of the judge who presides at the trial. Such is the view taken of the office of the prosecuting attorney by the courts of this country as well as of England, and we think it is the true view of his position. *Hurd v. People*, 25, Mich. 416. In this case the court say: " The only legitimate object of the prosecution is to show the whole transaction as it was, whether its tendency be to establish guilt or innocence. The prosecuting

officer represents the public interests, which can never be promoted by the conviction of the innocent. His object, like that of the court, should be simply justice; and he has no right to sacrifice this to the pride of professional success." *Maher v. People*, 10 Mich. 225, 226; *Regina v. Chapman*, 8 Car. & P. 559; *Regina v. Orchard*, 8 Car. & P. 565, note. These cases clearly indicate the duty of the prosecuting attorney to proceed with all fairness in presenting the cause of the state to the jury, and in prosecuting the whole case, even though parts of the case as presented should make in favor of the innocence of the accused. This method of presenting a case is not that favored or pursued in civil cases, where the paid attorneys of the respective parties conduct them. And criminal cases are not likely to be so presented if the prosecution is permitted to be conducted by the paid attorneys of parties who from passion, prejudice, or even an honest belief in the guilt of the accused, are desirous of procuring his conviction.

The statutes of this state having carefully provided that the prosecuting attorney shall, like the judge on the bench, be free from prejudice of private interest in conducting the trial of criminal cases, it would seem to be eminently proper that the courts, in permitting or selecting assistants to the public prosecutor under the authority of the new law upon the subject, viz., ch. 354, Laws of 1887, should permit or select only such assistants as are as unprejudiced and impartial as the prosecutor provided by law. This question has been fully considered by the courts of Michigan and Massachusetts,— states in which the laws prescribing the duties of public prosecutor are substantially like ours,— and the courts of these states have uniformly held that attorneys employed by private parties ought not to be permitted to aid the district attorneys in the conduct of criminal cases. *Meister v. People*, 31 Mich. 99; *Sneed v. People*, 38 Mich. 248; *People v. Hurst*, 41 Mich. 328; *Comm. v. Knapp*,

10 Pick. 477, 482; *Comm. v. Williams*, 2 Cush. 582, 584; *Comm. v. King*, 8 Gray, 501; *Comm. v. Gibbs*, 4 Gray, 146. In this last case the court holds that where an attorney is appointed to prosecute a case in the absence of the attorney general, the person so appointed ought to have the same general qualifications of the attorney general; and that the appointment of an attorney to prosecute a criminal case depending upon the same facts as a civil action in which such attorney had been previously employed, was a sufficient ground of error to reverse the judgment. In *People v. Hurst* it was held error to allow an attorney to assist in prosecuting a criminal action against whom the accused had testified in the matter out of which the prosecution grew. In *Sneed v. People* the court, speaking of the right of the prosecuting attorney to employ counsel to assist him in the prosecution of a criminal action, and stating that the service so rendered would be a proper charge against the county, and that the counsel so employed are acting for and on behalf of the public, as much so and with as much impartiality as the prosecuting attorney, then add: " It is quite different, however, where such counsel are employed by the complaining witness or the party injured or by private individuals. Counsel so employed can in no fair sense be said to be employed by or on behalf of the people, even though the prosecuting attorney may consent to or even request that counsel be so employed."

In the courts of Texas and Kansas counsel employed by private parties have been permitted to appear and assist in the prosecution of criminals. The Texas courts say it has been the practice to permit private counsel to appear in criminal cases from the earliest history of the state, and justify the continuance of the custom on the ground that the legislature, knowing of the custom, had not seen fit to prohibit it. *Burkhard v. State*, 18 Tex. App. 599, 618. In Kansas the practice seems to have been tolerated in the case

of *State v. Wilson*, 24 Kan. 189, and in Maine the court, without expressly approving the practice, refused to reverse a judgment where an attorney was permitted to assist on the trial who had been spoken to by private persons to assist; but on the trial the counsel who had been so spoken to by the private parties declared that he had no agreement for compensation, and should leave the question of compensation to the will of those who had requested him to appear in the case. *State v. Bartlett*, 55 Me. 200, 203, 204.

Among the conflicting opinions of the courts upon the propriety or impropriety of permitting counsel employed by private persons to assist the district attorney in the trial of criminal actions where the punishment is imprisonment in the state prison, we are inclined to hold that under the laws of this state, since the legislature has given the trial judge the power of appointing assistant counsel where he thinks the public interest requires it, and providing that such assistant counsel shall be paid out of the public funds, counsel should not be permitted to appear in the case, even at the request of the district attorney, when it appears that such counsel has been employed to appear by private parties, at whose request such counsel appears in the case, and from whom he expects to receive compensation for his services. The cases in this court cited by the attorney general (*Lawrence v. State*, 50 Wis. 507, and *Rounds v. State*, 57 Wis. 45) are not in conflict with this ruling, and the cases both arose previous to the enactment of ch. 354, Laws of 1887.

It is said that ch. 354, Laws of 1887, is not applicable to the municipal court of Milwaukee or to the judge thereof. We think it does apply to that court and the judge thereof. It is a general law regulating the trial of criminal cases in circuit courts, and all such laws are made applicable to the municipal court of Milwaukee county. See sec. 2, ch. 256, Laws of 1879; *State v. Hirth*, 67 Wis. 368.

The Oshkosh Gas Light Co. and another vs. The Germania Fire Ins. Co.

Had the learned judge of the municipal court, acting under the authority of ch. 354, Laws of 1887, appointed Mr. Austin as counsel to assist the district attorney in the prosecution, notwithstanding his previous employment by private parties, and Mr. Austin had accepted such appointment and acted under it, a different question would be presented.    It might be urged that in such case the acceptance of the appointment by the counsel and acting under it would be a renunciation of his previous employment, and his services thereafter rendered would be solely for the state, and the only compensation he could legally demand would be that provided by the act of 1887.    But the learned judge declined to act under the law, and permitted the counsel to appear on the mere statement of the district attorney that he appeared at his request, after the defendant had offered to prove that he was employed by private parties and with the expectation of receiving his sole compensation for his services from said private persons.    In such case, we think he was not a proper attorney to prosecute the case on behalf of the state.    For this error the judgment of the municipal court is reversed, and the cause is remanded for a new trial.

*By the Court.*— Ordered accordingly.