RAND KRUEGER, District Attorney Marathon County
You have requested my opinion on the following facts:
Your office, along with the Marathon County sheriff's department and several out-of-county law enforcement agencies, has applied to the Wisconsin Office of Justice Assistance (WOJA) for a law enforcement drug case grant for 1988. The purpose of the grant, so far as it affects your office, is to pay "overtime" compensation for prosecutorial support of increased enforcement efforts in the drug abuse area.
The county board approved a budget with a contingency for the grant money. You and your assistants will keep detailed time records for cases covered by the grant. The county will then pay overtime at the appropriate collective bargaining contract rate, based on these time records. The payments will be debited from the district attorney account budgeted by the county. The grant money will then be paid by the council to reimburse the county for the salaries paid. The money from the council will be paid into the county treasury.
You ask whether or not there are any legal impediments for the use of these funds to pay the district attorney and his assistants for overtime in preparing and trying drug cases. You further indicate that it may be assumed that all grant requirements will be strictly complied with.
Section 59.49 (1), Stats., provides: "No district attorney may receive any fee or reward from or on behalf of any prosecutor or other individual for services in any prosecution or business to which it is the district attorney's official duty to attend." It is my opinion that a grant from WOJA is not a "fee or reward" within *Page 64 
the meaning of this section. Likewise, the WOJA is not a prosecutor or an individual as required by this section. Further, the district attorney is not directly receiving the grant monies as they are being paid to the county. The county is empowered to accept grants pursuant to section 59.07 (17). Therefore, I do not believe section 59.49 (1) would provide an impediment to the grant structure as you have described it.
Section 59.15 (1) provides that the county board shall establish the "total annual compensation for services to be paid" to the district attorney. That section further provides: "The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board." However, section 66.197 provides that:
 The governing body of any county may, during the term of office of any elected official whose salary is paid in whole or in part by such county, increase the salary of such elected official in such amount as the governing body determines. The power granted by this section shall take effect notwithstanding any other provision of law to the contrary . . . .
Thus, the Legislature has specifically provided an exception to section 59.15 which allows the salaries of elected county officials to be increased during their term. See also 61 OP. Att'y Gen. 441 (1972).
It is my opinion that the power to raise the salaries of elected officials conferred by section 66.197 implies the power to determine manner of such increased compensation. The county can, if it chooses, elect to pay "overtime" to a district attorney. It is within the county board's power to establish this type of compensation so long as the county complies with the necessary budget requirements and the provisions of section59.15.
Likewise, section 59.15 (2)(C) provides: "The board may provide, fix or change the salary or compensation of any . . . employe or deputies to elected officers without regard to the tenure of the incumbent . . . and may establish regulations of employment for any person paid from the county treasury . . . ." Under the authority of this section the county can provide for assistants to the district attorney "overtime" in a like manner as I have previously set out for the district attorney. *Page 65 
The fact situation which you pose is sufficiently different to distinguish my predecessor's opinion at 67 OP. Att'y Gen. 31 (1978), which relies primarily on Biemel v. The State, 71 Wis. 444,37 N.W. 244 (1888), and State v. Peterson, 195 Wis. 351,218 N.W. 367 (1928).
The treatment of the grant funds should, as you have indicated will be the case, comply with all union contracts, county ordinances and state and federal statutes in distributing the increased compensation derived from this grant.
It is, therefore, my conclusion that a grant from WOJA may properly be paid as salary increases to the district attorney and his assistants in the form of overtime, provided the county makes allowance for such grant funds in its budget and duly passes salary increases for the district attorney and his assistants as provided by the appropriate statutes.
DJH:WDW *Page 66