THE STATE EX REL. SULLIVAN, Respondent, vs. THE CITY OF
TOMAH, Appellant.

*September 4 — September 29, 1891.*

*Intoxicating liquors: Revocation of license: Sufficiency of complaint:*
*Preservation of evidence.*

1. In a proceeding under sec. 1558, R. S., as amended by ch. 174, Laws
   of 1881, to revoke a license, a complaint charging generally a vio-
   lation of a certain ordinance which includes several distinct offenses,
   and charging also the selling of liquor to minors, without specify-
   ing the time when the offense was committed, is *held* fatally de-
   fective.

[2. Whether the statute requires that in such a proceeding the evidence
   be reduced to writing, so that it can be included in the return to a
   writ of *certiorari* if one is issued, not determined.]

APPEAL from the Circuit Court for *Monroe* County.

*Certiorari* to the common council of the city of *Tomah*
to review certain proceedings wherein the license of the
relator to sell intoxicating liquors was revoked. The cir-
cuit court reversed the decision of the council, and from
the judgment entered accordingly the city appeals.

*S. W. Button,* for the appellant.

For the respondent there was a brief by *Morrow & Mas-
ters* and *Geo. Graham,* and oral argument by *J. M. Morrow.*

COLE, C. J.    This is a proceeding under sec. 1558, R. S.,
as amended by ch. 174, Laws of 1881,[1] to revoke a license.

---

[1] The section provides that "upon complaint made in writing under
oath by any resident . . . that any such licensed person . . .
has sold or given away any intoxicating liquor to any minor, without the
written order of his parents or guardians, . . . or that he has not ob-
served and obeyed any order of such supervisors, trustees, aldermen, or
any of them, made pursuant to law, the proper town board, village
board, or common council shall issue a summons . . . commanding
the person so complained of to appear before them . . . and show
cause why his license should not be revoked."— REP.

The State ex rel. Sullivan vs. The City of Tomah.

The complaint, in substance, charged that *Sullivan*, who was licensed to sell intoxicating and malt liquors in a saloon kept by him in the city of *Tomah*, had violated sec. 1 of ordinance 20,[1] adopted by the common council of the city; and, further, that he had, at his saloon, "sold or given away intoxicating liquors to one or more minors, without the written order of the parents or guardians of such minor or minors, in violation of law." On this complaint a summons was issued, and a trial had before the common council. In various ways, on the trial, the defendant objected that the complaint did not state an offense, and that it was not sufficient to support the proceedings; but the objection was overruled, and, as a result of the investigation, the license was revoked by the common council.

We are clearly of the opinion that the complaint is fatally defective, and that the proceedings should have been quashed or dismissed for that reason. In the first place, the complaint charges a violation of sec. 1 of ordinance 20. When that section of the ordinance is examined, it will be seen that it includes three or more distinct offenses: (1) The offense of keeping open a saloon where liquors are kept for sale after 11 o'clock P. M.; (2) opening such saloon on Sunday; and (3) opening such saloon on the day on which an election is held. Perhaps other offenses are included in the section, but these three are distinctly named. Now, for which of the offenses was the respondent charged and tried? It is utterly impossible to tell. Again, he is charged with the offense of selling or giving away intoxicating liquors to a minor or minors, but when did he commit such offense or offenses? No time or date is specified in the complaint

---

[1] Sec. 1 of ordinance 20 provides that every person licensed to sell, within the city limits, intoxicating liquors, shall close his saloon at 11 o'clock P. M., and no such person shall open, or permit to be opened, such saloon upon Sunday, nor on any day upon which an election is held.— REP.

The State ex rel. Sullivan vs. The City of Tomah.

when such act was done. It may have been done in the life of his present license, or it may have been done a year before the license was granted. It has been held that it was not necessary to specify the name of the minor to whom the liquor was sold or given away (*State v. Bielby*, 21 Wis. 205), but here neither the name of the minor nor the time when the offense was committed was stated. The complaint is indefinite and uncertain as to time as well as person.

Under the ordinance, it is impossible to determine the offense charged, and, under the general provision, it is impossible to determine when the offense was committed which is there attempted to be charged. Suppose the respondent should be again charged with selling liquors to a minor or minors, could he plead this conviction in bar or show that he had been already tried for the same offense? Obviously he could not. It is a fundamental principle of criminal law that the facts and circumstances which constitute the offense must be stated in the complaint or information with certainty and precision, that the defendant may know the offense of which he is accused, and may be able to plead the conviction or acquittal in bar of another prosecution for the same offense. This rule of law is so elementary that it needs no citation of authorities to support it. We will, however, refer to one decision of this court where the rule is recognized,— *Fink v. Milwaukee*, 17 Wis. 28. There is nothing in the complaint as to time or persons to identify the offense with which the respondent is charged. This being the case, the conviction cannot be sustained.

The learned circuit judge reversed the decision of the common council revoking the license, because the return on the writ of *certiorari* did not contain the evidence on which the decision was based. It appears that the evidence given before the common council was not taken down in writing so that it could be sent up with the return. It would

doubtless be a safe and proper practice to preserve the evidence in writing so that it could be returned to the appellate court in case a writ of *certiorari* was brought to review the proceedings, but we do not here decide whether the statute requires the evidence to be reduced to writing, though it is manifest it would be good practice to do this. We affirm the judgment on the ground of the insufficiency of the complaint to support a conviction.

*By the Court.*— The judgment of the circuit court is affirmed.