FINK VS. THE CITY OF MILWAUKEE.

Section 2, chap. 35, General Laws of 1853, provides that a complaint in the police court of Milwaukee, for the violation of a city ordinance, shall be sufficient if it states the section and title of the ordinance violated. *Held*, that such a complaint would *perhaps* be sufficient if the section of the city ordinance referred to in it defined but one offense.

But if applied to a case where the section of the city ordinance alleged to have been violated defines several distinct offenses, that provision of the statute would contravene section 7, Art. I of our state constitution, which declares that "in all criminal prosecutions the accused shall enjoy the right to demand the nature and cause of the accusation against him."

An indictment must not only state all the facts which constitute the offense intended to be charged, but must state them with such certainty and precision that the defendant may judge whether they constitute an indictable offense or not, and may demur or plead accordingly, and may plead his conviction or acquittal in bar of another prosecution for the same offense.

ERROR to the Municipal Court of the City and County of *Milwaukee.*

This suit was brought to reverse a judgment in said court against *Fink.* The case is stated in the opinion of the court.

*J. H. Paine & Son,* for plaintiff in error.

*J. La Due,* for defendant in error, argued that the form of pleading used in this cause is the one adopted in the police courts of all large cities, and the authority of the legislature to confer the power so to plead in municipal courts had never before been questioned; that this was not strictly a criminal action, and therefore was not governed by the strict rules of criminal pleading; that the section charged to have been violated did not embrace any offense not covered by the general phrase "disorderly conduct;" and that the records of the municipal court would shield the defendant from ever again being tried for the same offense.

*By the Court,* COLE, J. The plaintiff in error was prosecuted by the city of Milwaukee for an alleged breach of one of the ordinances of the city. The complaint stated that it was for a violation of the third section of an ordinance of the city entitled "Rules and Regulations passed October 22d, 1855." The complaint was demurred to because it was indefinite and uncertain; did not state facts sufficient to constitute a crime; did not set forth a cause of action; and because the facts were not definitely set forth. The demurrer was overruled. The municipal court struck and empannelled a jury of six to try

the cause, the plaintiff in error objecting thereto and demanding a jury of twelve. The prosecution offered in evidence the third section of the ordinance referred to in the complaint. The admission of the ordinance in evidence, and all other testimony, was objected to, and the plaintiff in error "requested and demanded that the complaint should be made certain, so as to show on which of the offenses named in the third section of the ordinance he was arraigned, or [which he was] charged with having violated." This request was denied.

The third section of the ordinance reads as follows: "Any person who shall be found intoxicated in the city of Milwaukee, or who shall be guilty of any indecent exposure of his person, or who shall make use of any vulgar or obscene language, or who shall make use of any loud, boisterous or insulting language, tending to excite a breach of the peace, or who shall be guilty of any disorderly conduct in said city of Milwaukee, shall forfeit a penalty of not less than one nor more than twenty-five dollars."

It will be seen that this ordinance provides for the punishment of five distinct offenses, and it is utterly impossible to determine from the complaint with which one the party was charged. Was it for being intoxicated? Or for an indecent exposure of his person? Or for making use of vulgar and obscene language? Or for loud and boisterous language tending to a breach of the peace? Or was it for disorderly conduct? It is impossible to say which. Suppose he should be tried and convicted upon this complaint, could he plead that conviction in bar of a second prosecution? Obviously not, since it would not appear from the record for what offense he had been tried in the prior action. Now it is an elementary rule of criminal law, that not only must all the facts and circumstances which constitute the offense be stated in an indictment, but they must be stated with such certainty and precision that the defendant may be enabled to judge whether they constitute an indictable offense or not, in

order that he may demur or plead to the indictment accordingly, prepare his defense, and be able to plead the conviction or acquittal in bar of another prosecution for the same offense. And our Bill of Rights secures to the accused the right to " demand the nature and cause of the accusation against him." · The accused in this case certainly did not enjoy this right, and could not know from the complaint with what offense he was charged. It is true the legislature, in establishing a code of procedure for the police court, provided that the complaint should be sufficient if it gave the section and title of the ordinance violated. Sec. 2, chap. 35, Gen. Laws of 1853. This general mode of stating the offense committed might *perhaps* be held sufficient where the section contains but one offense. It then might plausibly be argued that the offense was identified with sufficient certainty by a reference to the section. But this could not be contended in a case where the section embraced several distinct offenses. And we do not think the legislature intended the provision should apply to any such case. If it was so intended, we should be constrained to hold it invalid. The complaint was therefore radically defective.

The decision of this question renders it unnecessary to decide the other point made upon the argument, namely, that a person arraigned for the commission of such an offense in the municipal court of Milwaukee, is entitled to be tried by a jury of twelve; and we express no opinion upon it.

The judgment of the municipal court of Milwaukee is reversed.