## STATE VS. BIELBY.

EXCISE LAW—PLEADING. *Complaint under excise law : duplicity : surplusage: omission to name person to whom liquor sold : allegation that complainant "has good reason to believe."*

1. A complaint before a justice under the excise law of this state (ch. 35, R. S.), charged that the defendant did vend, sell, deal and traffic in, and give away, spirituous, ardent and intoxicating liquors (specifying them) in quantities less than one gill, without having first obtained a license therefor according to law; but did *not* charge that such giving away was "for the purpose of evading" said chapter. *Held,*

1.) That the complaint was not *double.* Following the language of the statute, it might charge the commission of the several acts conjunctively, and as constituting, all together, *one offense.*

(2.) Though the *giving away* was not sufficiently charged as a distinct offense, the purpose to evade the law not being alleged, this did not render the complaint bad.

2. Such a complaint need not specify the person to whom the liquor was sold or given away.

3. It is sufficient in such a complaint to allege that the complainant "has good reason to believe" the facts charged; and sec. 7 of said chapter, which authorizes that form of allegation, is valid.

REPORTED from the Circuit Court for *Walworth* County.

This was an action before a justice of the peace, under secs. 5–7, ch. 35, R. S., for vending, &c., liquors without license. The record is no longer on file in this court, nor any statement of its substance. The form of the complaint is stated in the opinion. It appears that a demurrer thereto for duplicity, was overruled; that the cause was taken by appeal to the

circuit court; and that after conviction of the defendant there, it was reported to this court under sec. 8, ch. 180, R. S.

*R. R. Menzie*, for the defendant, argued that the provisions of sec. 7, ch. 35, R. S., are in conflict with Art. V of the amendments to the constitution of the U. S. ; that the legislature cannot authorize the issuing of warrants of arrest upon no other proof than that the complainant has *good reason to believe* that the offense has been committed. 2. Selling spirits and giving them away to avoid or elude the excise law, are distinct offenses, and cannot be joined in the same count, Archb. Cr. Tr., 53. 3. The offense of giving away is not properly charged. Archb., 50; *Lee v. Clark*, 2 East, 128. Where the same count contains allegations which charge a crime, and others which do not, the latter cannot be treated as surplusage, nor can the court assume that the conviction was under the former.

*The Attorney General, contra:*

1. The allegation that the complainant "has good reason to believe," &c., is good under the statute. *State v. Dale*, 3 Wis., 895. 2. By sec. 15, Art. VII of our constitution, justices of the peace are to "have such civil and criminal jurisdiction as shall be prescribed by law." Summary jurisdiction like that conferred by ch. 35, R. S., particularly in cases involving violations of the excise laws, had long been vested in justices of the peace both in this country and in England, at the time the federal constitution was adopted. 4 Steph. Com., 346 et seq. ; 4 Chitty Bl., 281 et seq. The proceedings authorized by the statute are therefore " due process of law," within the meaning of the constitution. 3. It was not necessary to name the person to whom the liquor was sold. Whart. Prec., 567 et seq. ; *State v. Munger*, 15 Vt., 291 ; *People v. Adams*, 17 Wend., 475. 4. The words " and give away " may be rejected as surplusage. The prosecuting officer, however, might have been required to elect on the trial whether he would proceed for selling or

giving away. *People v. Adams*, 17 Wend., 478. This not having been done, it must be presumed that the conviction was for the offense properly charged.

DIXON, C. J.    Section 5 of the [excise law (R. S., ch. 35) declares that if any person shall vend, sell, or in any way deal or traffic in, or, for the purpose of evading this chapter, give away, any spirituous, ardent, or intoxicating liquors or drinks in any quantity whatsoever, without first having obtained license therefor according to the provisions of this chapter, he shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by fine or imprisonment as therein provided.    Section 6 provides that justices of the peace shall have power to hold a court to hear, try and determine all offenses against or growing out of the provisions of the chapter, and arising within their respective counties.    Section 7, that upon complaint made to any justice of the peace by any person, that he knows, or has good reason to believe, that an offense against this chapter, or any violation thereof, has been committed, he shall examine the complainant on oath, reduce the complaint to writing, and cause the same to be subscribed by the complainant; and if it shall appear to such justice that there is reasonable cause to believe that such offense has been committed, he shall immediately issue his warrant, &c., for the apprehension of the person accused.    The complaint in this case is in the words of the statute, charging that the defendant did vend, sell, deal and traffic in, and give away, spirituous and intoxicating liquors and drinks, namely, rum, gin, brandy, &c., in quantities less than one gill, without having first obtained a license therefor according to law; except that the *giving away is not charged to have been for the purpose of evading the law.*

It is objected that the complaint is bad for duplicity, because the several acts named in the statute, if charged separately, would each constitute a distinct offense.    This may be so, but

still the complaint is not double. An indictment in such case may pursue the language of the statute, charging the commission of the several acts conjunctively and as constituting, all together, one offense; in which case there can be but one conviction and one punishment, as for one offense. See *State v. Byrne*, 12 Wis., 526, and authorities there cited.

It is also objected that the complaint is bad because the giving away is not charged to have been *for the purpose of evading the law.* As a distinct charge of the offense of giving away, the complaint would no doubt be bad; but as it is coupled with other charges which are properly made, and which, if proved, constitute an offense, that part of the complaint may be rejected as surplusage. If an indictment be uncertain as to some particulars only, and certain as to the rest, it is void only as to those which are uncertainly expressed, and good for the residue. This is a general principle applicable to all indictments, and indeed to every description of pleadings, upon the maxim, *utile per inutile non vitiatur. People v. Adams*, 17 Wend., 476; 13 Pick., 359; 9 Met., 569.

Again, it is objected that the complaint is insufficient, because it does not specify the *name* of the person to whom the liquors were sold. This is unnecessary. The offense complained of works no injury upon the individual rights of the person to whom the sale was made, and none are supposed to be violated; and hence the designation of such person by name is in no way material to constitute the offense. *People v. Adams, supra; State v. Munger*, 15 Vt., 290.

The complaint is likewise made upon the belief of the complainant. It is "that he has good reason to believe." This is expressly authorized by section 7 of the law. But it is urged that this provision is unconstitutional, because it authorizes the arrest and detention of the citizen without its being shown that he is guilty of any offense. It often becomes necessary, in the administration of justice to criminals, to arrest and detain

persons in custody upon suspicion of crime more or less well founded, and without any certain or conclusive proof of their guilt. Our laws against crime could not well be enforced if this were not so, and the occasional arrest and detention of an innocent person is one of the inconveniences which must be submitted to for the sake of the greater benefits arising to the community at large from a more certain and thorough administration of the criminal law. The validity of a provision like this in the excise law of 1851, was recognized by this court in *The State v. Dale*, 3 Wis., 795. Inasmuch as it only authorizes the arrest and bringing of the person accused before the magistrate, on such a complaint, where the proof must be made, we are of opinion that the statute is valid.

COLE, J. concurred.

DOWNER, J. I dissent from so much of the opinon of the chief justice as holds that the complaint is not bad for duplicity.

*By the Court.*—We affirm the conviction, and remand the case to the court below, advising that court to pronounce the judgment required by law.