KOETTING, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 9 — October 23, 1894.*

(1) *Milwaukee municipal court: Prejudice of judge: Calling in circuit judge.* (2) *Criminal law: Receiving deposits in insolvent bank: Pleading: Variance.*

1. By virtue of sec. 2500, R. S., as amended by ch. 256, Laws of 1879, ch. 435, Laws of 1887 (which provides that when an application is made in any circuit court for a change of venue on account of the prejudice of the judge, he may call upon any circuit judge to attend and hold his court for the trial of the case) applies to the municipal court of Milwaukee county. WINSLOW, J., dissents.

2. Under sec. 4541, R. S. (providing that any officer of any bank "who shall accept or receive on deposit, or for safe-keeping, or to loan, from any person, any money . . . when he knows, or has good reason to know, that such bank . . . is unsafe or insolvent, shall be punished," etc.), where an information charges that the defendant accepted and received money " on deposit *and* for safe-keeping," it must be proved, in order to sustain a conviction, that the money was received for safe keeping, or as a special deposit, and proof of a general deposit is insufficient. CASSODAY and NEWMAN, JJ., dissent.

ERROR to the Municipal Court of *Milwaukee* County. Information for fraudulently receiving deposits in a bank, under sec. 4541, R. S. The principal facts are stated in the opinion. The defendant having filed an affidavit of the prejudice of the judge of the municipal court and moved for a change of venue, the Honorable GEORGE CLEMENTSON, judge of the Fifth judicial circuit (a circuit not adjoining Milwaukee county), was requested by the judge of the municipal court to attend and hold said court for the trial of the case, and did so accordingly, and the motion for a change of venue was denied. A plea to the jurisdiction was afterwards overruled, and the defendant, having pleaded not guilty, was tried, convicted, and sentenced. He has sued out a writ of error.

Koetting vs. The State.

For the plaintiff in error there was a brief by *Williams & May*, and oral argument by *W. C. Williams*. They argued, *inter alia*, that sec. 2624*a* does not supplant sec. 4686*a*, and that sec. 4686*a* remains in force and is not repugnant to the other. Both may consist together, and the court will seek for and adopt such a construction. *Att'y Gen. ex rel. Taylor v. Brown*, 1 Wis. 525; *Att'y Gen. v. Railroad Cos.* 35 id. 554; *Bruce v. Schuyler*, 9 Ill. 274; *Ottawa v. La Salle*, 12 id. 339–341; *McCartee v. Orphan Asylum Soc.* 9 Cow. 437; *Haynes v. Jenks*, 2 Pick. 176; *Goddard v. Boston*, 20 id. 410; *Comm. v. Kimball*, 21 id. 373; *Snell v. Bridgewater C. G. Mfg. Co.* 24 id. 297; *Chesapeake & O. Canal Co. v. B. & O. R. Co.* 4 Gill & J. 152. In the information defendant is charged with receiving a special deposit for safe-keeping, and there is absolutely no evidence in the case to sustain the charge. There is, therefore, a fatal variance between the offense charged and the offense proved on the trial. *State v. Quinlan*, 40 Minn. 55; *McGary v. People*, 45 N. Y. 153; *Sykes v. People*, 132 Ill. 32; *Polkinghorne v. State*, 7 So. Rep. 347; *Comm. v. Grey*, 2 Gray, 501; 1 Bish. Crim. Proc. § 336; *Catlin v. Savings Bank*, 7 Conn. 483; *In re Franklin Bank*, 1 Paige, 251; *Nat. Bank v. Washington Co. Nat. Bank*, 5 Hun, 605; *Curtis v. Leavitt*, 15 N. Y. 9, 166, 177; *Marine Bank v. Fulton Co. Bank*, 2 Wall. 256; *Brahm v. Adkins*, 77 Ill. 263; *U. S. v. Denicke*, 35 Fed. Rep. 407; *Comm. v. McCarthy*, 145 Mass. 575; *Prehm v. State*, 22 Neb. 673; *Lancaster v. State*, 9 Tex. App. 393; *Grummond v. State*, 10 Ohio, 510; *State v. Handy*, 20 Me. 81; *Coleman v. State*, 21 Tex. App. 520; *Loyd v. State*, 22 id. 646; *State v. Clark*, 23 N. H. 429; *State v. Ryan*, 4 McCord, 16; *Comm. v. Butcher*, 4 Gratt. 544; *State v. Miller*, 93 N. C. 511; *Jackson v. State*, 55 Wis. 589; *State v. Langley*, 34 N. H. 529; *Statum v. State*, 9 Tex. App. 274; *Morgan v. State*, 61 Ind. 447; *State v. Jackson*, 30 Me. 29.

For the defendant in error there was a brief by *Jared Thompson, Jr.*, attorney, and *Leopold Hammel*, of counsel, and oral argument by *Mr. Thompson*, *Mr. Hammel*, and *Mr. R. M. La Follette*.

ORTON, C. J.    A great many errors are assigned for the reversal of the judgment of conviction in this case, and they have been urged before this court by the learned counsel of the plaintiff in error, and defended by the learned counsel of the defendant in error, with great zeal and ability.    Having arrived at the conclusion that one of the errors assigned is fatal to the conviction, and perhaps also to the information, it becomes unnecessary to consider the others.    But the question whether the judge of the Fifth judicial circuit was properly called into the municipal court to try the case is important as one of jurisdiction, and ought to be set at rest in view of other like cases.    We therefore thought it our duty to decide it.    We have arrived at a decision of this question with some hesitation and doubt.    We are greatly aided, however, by the decision of this court in the case of *State v. Hirth*, 67 Wis. 368, which settled the law on the question up to that time.

1. In that case it was held that, in case of the application for a change of venue in the same municipal court on account of the prejudice of the judge, in lieu of awarding such change, the court might make an order requesting the circuit judge of an adjoining circuit to hold the court where the action is pending for the trial thereof, by virtue of ch. 218, Laws of 1883, which makes such a provision in respect to change of venue in criminal cases pending "*in any court of record*" of any county in the state.    Since then, however, ch. 435, Laws of 1887, has been enacted, which provides that in such a case pending in any circuit court the judge of said court may retain the case, and call upon any other circuit judge to attend and hold said court and

try the case.  Sec. 2500, R. S., as amended by sec. 2, ch. 256,
Laws of 1879, provides that the general provisions of law
relative to circuit courts in cases of crimes and misdemean-
ors shall be in force in the municipal court of Milwaukee
county, so far as applicable.  In *Riemel v. State*, 71 Wis. 444,
it was held that by virtue of this last act ch. 354, Laws of
1887, which authorized circuit judges in their discretion to
appoint counsel to assist the district attorney in the prose-
cution of those charged with crime punishable by imprison-
ment in the state prison, was applicable to the municipal
court of Milwaukee county.  By this authority we may
well hold that by virtue of sec. 2500, R. S., so amended,
said ch. 435, Laws of 1887, which gives circuit judges the
power to call upon any other circuit judge to attend and
hold his court in such case, is made applicable to the mu-
nicipal court of Milwaukee county.  We have only stated
the effect of these statutes, but we think correctly.  This
would seem to be conclusive of the question.  We are there-
fore inclined to hold that the calling on Judge CLEMENTSON
of the Fifth judicial circuit by the judge of the municipal
court of Milwaukee county to hold said court for the trial
of this case was legal and proper.  But the statutes in re-
lation to this matter are in such confusion, if not contra-
dictory, that there is not such certainty as there should be
on a question of jurisdiction.  The attention of the legis-
lature should be called to this confused and doubtful state
of the law on this important subject, that they may make
the law certain on the subject.

2. The fatal error in this case is the want of any evidence
to sustain the charge in the information.  The charge in
the information is that *John B. Koetting*, as cashier and an
officer of the South Side Savings Bank of the city of Mil-
waukee, on the 21st day of July, 1893, unlawfully, feloni-
ously, and fraudulently did accept and receive in, into, and
for, on account, and in the name of, said bank, *on deposit*

*and for safe-keeping,* of and from one Charles B. Fritsch, two hundred and fifteen dollars, when he knew or had good reason to know that said bank was unsafe or insolvent. This is the substance of the charge, but the words in italics are exact. The language of the statute (sec. 4541, R. S.) is as follows: " Shall accept or receive on deposit, or for safe-keeping, or to loan, from any person, any money," etc. The offense consists of any one of three acts: First, to accept or receive, *on deposit,* any money, etc.; second, to accept or receive, *for safe-keeping,* any money, etc.; third, to accept or receive, *to loan,* any money, etc. These provisions relate to money " and to bills, notes, and other paper circulating as money." The other part of the section relates to notes, drafts, bills of exchange, bank checks, and other commercial paper. To accept or receive any of these into the bank for *safe-keeping* or for *collection,* knowing the bank to be unsafe or insolvent, is also made a crime, but these are immaterial to this information. The only argument of the learned district attorney to sustain the conviction on the evidence is that the information charges two acts: First, a deposit of money only and simply; second, a deposit of money for safe-keeping; and that the first was sustained by evidence. In charging two distinct acts, each of which constitutes the crime, each one should be separately charged by the use of all the words essential to constitute the crime. Here there is only one act charged,— one deposit of money, and that one is for safe-keeping. The words "for safe-keeping" clearly qualify the word "*deposit*" as the character or purpose of the deposit. When several acts are charged conjunctively, they constitute but one offense. *State v. Bielby,* 21 Wis. 204. To charge that the defendant aided in the escape of J. and R. is one offense. *Oleson v. State,* 20 Wis. 58. All the facts which constitute the offense must be stated with precision. *Fink v. Milwaukee,* 17 Wis. 26. " A special deposit is where the whole contract is that

the thing shall be 'safely kept' and the identical thing returned to the depositor." "A deposit is presumed to be general." "A deposit is general, unless expressly made special or specific." 1 Morse, Banks, §§ 183–186. When the deposit is a general one, the bank has the right to mingle the money deposited with its own, and treat it as a debt due the depositor. The distinction between a general and special deposit is manifest and material. The same deposit could not be both general and special, and here there is but one deposit and one kind of deposit, and that was special, because it was for safe-keeping, as that is the definition of a special deposit. The offense should be described with such certainty and exactness that the accused may know what the offense is, and prepare to meet it, and that his conviction may be a bar to another prosecution for the same offense. It is quite clear that the offense charged in the information is of having received the money into the bank on deposit for safe-keeping, and that there is no other offense described or charged.

It seems to be conceded that there was no evidence whatever to prove the offense so described in the information. The court was requested by the defendant's counsel, on the conclusion of the testimony, to direct a verdict of not guilty, upon the ground that there was no evidence whatever of the specific offense contained in the information. The court refused this request. This was error. In *Jackson v. State*, 55 Wis. 589, there was no evidence in a case of burglary that William Drake was the owner of the dwelling house as charged in the information, and the judgment was reversed for that reason. Chief Justice Cole said in the opinion that "there was no variance, strictly speaking, but the proof did not go far enough to show that the dwelling was that of William Drake." So here the proof did not go far enough to show that the money was received .

into the bank on deposit "for safe-keeping," or as a *special* deposit. There was a general deposit proved, and no other. There was an utter failure to prove the offense as charged in the information. The kind and character of the deposit as alleged in the information, as for safe-keeping or as a special deposit, must be proved as laid. These words were material as words of necessary description of the offense,— as the ownership of the dwelling in *Jackson v. State, supra;* or as the sale of one glass of *whisky,* instead of one glass of *beer,* in *State v. Quinlan,* 40 Minn. 55; or as issuing fraudulent warehouse receipts to the "Merchants' Loan and Trust Company," instead of the "Merchants' Savings, Loan and Trust Company," in *Sykes v. People,* 132 Ill. 32; or as receiving money for account of "G. H. P.," instead of "G. H. P. & Co.," in *Polkinghorne v. State,* (Miss.) 7 So. Rep. 347; or as selling "spirituous and intoxicating" liquors, they must be proved to be both spirituous and intoxicating, if so charged, in *Comm. v. Grey,* 2 Gray, 501; 1 Bish. Crim. Proc. § 336; or as the ownership of the property burned, in the crime of arson, in *McGary v. People,* 45 N. Y. 153; and as in many other cases cited in the brief of the counsel of the plaintiff in error. This is such a self-evident proposition, it would have been sufficient to cite only *Prehm v. State,* 22 Neb. 673, where the court said: "It is well settled that the descriptive averments in an indictment must be proved as alleged, in order to warrant a conviction. *In support of this no authorities need be cited.*" It is held in that case that proof of *drafts* payable in goods did not support the allegation of falsely representing worthless *drafts* to be good and valuable.

*By the Court.*— The judgment of the municipal court is reversed, and the cause remanded for a new trial. The sheriff of Milwaukee county will take and hold the prisoner in custody for further proceedings according to law.

CASSODAY, J.  I agree with the chief justice in holding that the trial court had jurisdiction.  I also concur in the suggestion that the coming legislature should make the statute so plain that in future no possible doubt can arise in the matter of calling in another judge.

The statute declares, in effect, that any person, as officer, principal, agent, or otherwise, engaged in the business of banking, " who shall *accept or receive* on deposit, or for safe-keeping, or to loan, from any person, any money . . . when he knows, or has good reason to know, that such bank, company or corporation, or that such person, is unsafe or insolvent, shall be punished by imprisonment," etc. R. S. sec. 4541.  The validity of that section, and the construction of it to some extent, was considered by this court in *Baker v. State*, 54 Wis. 368.  The thing sought to be punished by the statute, as it seems to me, is the accepting or receiving money by a person so engaged in the business of banking, when he knows, or has good reason to know, that such bank or banker is unsafe or insolvent.  Ordinarily the money so accepted or received by such bank or banker is accepted or received on deposit.  In order to make the section broad enough to cover every case where money is so accepted or received by a person so engaged in the business of banking, when he knows, or has good reason to know, that such bank or banker is unsafe or insolvent, there were added to the words " on deposit " the words " or for safe-keeping, or to loan," as stated.  The purpose of the section, therefore, seems to be to punish every person engaged in the business of banking who, knowing or having good reason to know that such bank or banker is unsafe or insolvent, nevertheless accepts or receives money in such business, either " on deposit, or for safe-keeping, or to loan."  These three purposes accompanying such acceptance or receipt of money would seem to be sufficiently broad and general to include every purpose for which the

bank or banker could "accept or receive" money. It is such acceptance or such receipt of money, under the circumstances named, that is so made punishable, regardless as to which of the three purposes named attended the transaction. In other words, the fact as to whether the plaintiff in error accepted or received the money "on deposit, or for safe-keeping, or to loan" is immaterial, since the offense of accepting and receiving is complete, and the punishment the same, whether the money is received for the one purpose or the other. The particular purpose for which the money is so accepted or received does not constitute the crime made punishable, and hence the alleging of the one purpose instead of another is not descriptive of the crime. The crime was complete on his accepting and receiving the money, and therefore, it seems to me, the accused should not have a new trial merely because the state failed to allege that the money was accepted and received on deposit, or failed to prove the money was deposited for safe-keeping merely. The allegation here is, in effect, that he accepted and received the money "on deposit and for safe-keeping." Had the information alleged that he accepted and received the money *on deposit and for safe-keeping and to loan*, then, we apprehend, the evidence would have sustained the conviction, for this court has repeatedly held that "where a statute makes it a crime to do this or that or the other, mentioning several things *disjunctively*, all of which are punished alike, it is a general rule that the whole may be charged *conjunctively* in a single count, as constituting but a single offense; in which case there can be but one conviction and one punishment, as for one offense." *Clifford v. State*, 29 Wis. 329, citing and following *State v. Bielby*, 21 Wis. 204. To the same effect, *State v. Gummer*, 22 Wis. 422; *Boldt v. State*, 72 Wis. 13; *Fahnestock v. State*, 102 Ind. 158; *Hobbs v. State*, 133 Ind. 406. The mere fact that the information in the case at bar omits the words

" and to loan " does not change the nature of the informa-
tion, nor make it objectionable, nor render the evidence
insufficient to support the conviction. *Ibid.* To my mind
the evidence is sufficient to sustain the verdict, and the ob-
jection to it is purely technical and should not work a re-
versal. For these reasons I am forced to dissent.

W<small>INSLOW</small>, J. I concur in the reversal of the judgment
on the second ground discussed in the opinion, namely, that
the plaintiff in error was charged with one crime, and con-
victed of an entirely different crime. I further think that
when, upon the filing of an affidavit of prejudice, a circuit
judge is called in to try a criminal case in the municipal
court of Milwaukee county, only the judge of an adjoining
circuit can be called in, as provided by ch. 218, Laws of
1883 (S. & B. Ann. Stats. sec. 4686*a*). This act applies by
its very terms to the municipal court, while ch. 435, Laws
of 1887 (S. & B. Ann. Stats. sec. 2624*a*), by its language,
applies to circuit courts alone. By a familiar rule of con-
struction, I think this latter act has not affected the former
act so far as it relates to municipal courts. Therefore it
seems to me that Judge C<small>LEMENTSON</small> had no authority or
jurisdiction to try this case.

P<small>INNEY</small>, J. I concur in the judgment of reversal in this
cause upon the second point discussed in the opinion of the
court.

N<small>EWMAN</small>, J. I concur in the opinion of Mr. Justice C<small>AS-</small>
<small>SODAY</small>.