TANDY, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 10 — November 24, 1896.*

*Criminal law and practice: Waiver by failure to appear: New trial: Withdrawal of plea: Verdict: Uncertainty: Objections: Review: Amendment of information.*

1. The failure of the defendant in a criminal prosecution to appear at the time to which the cause was properly adjourned is a waiver of his constitutional right to be present at that time, or at a subsequent date to which it was then adjourned, and the abandonment of the proceedings on the date of the second adjournment, due to his failure to appear, did not deprive the state of the right to put him upon trial *de novo.*

2. The entry of a special plea of former acquittal did not operate as a withdrawal of the plea of not guilty, but after the overruling of the former the issue formed by the latter remained.

3. At the trial of an accused person on an information containing two counts, one for embezzlement and the other for larceny, the prosecutor elected to proceed upon the former. Subsequently a new count was added charging the carrying away of the money with intent to embezzle it. *Held*, that a verdict of "guilty of *embezzlement* in the manner and form as charged in the *second* count of

the information " was not uncertain, the election to proceed on the count for embezzlement being an abandonment and elimination of the count for larceny, and the new count becoming second.

4. The question whether an information was properly amended during the progress of the trial by the addition of a new count cannot be considered, where there is nothing in the record to show that the amendment, or the evidence tending to establish it, was objected to.

ERROR to review a judgment of the circuit court for Jefferson county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

The plaintiff in error, *Douglas H. Tandy*, was convicted, in the circuit court for Jefferson county, of embezzlement, February 15, 1896, and brought this writ of error. The information was in two counts, the first charging the defendant with embezzlement and fraudulent conversion to his own use of certain moneys to the amount of $1,952, the property of one Mary L. Smith; and the second count was for the larceny of certain moneys, to the same amount, the property of the same person. The defendant pleaded not guilty. After his trial had been commenced, September 26, 1895, and one witness had testified, by consent of the parties the trial was adjourned until the 28th of the next month, the defendant being present and consenting thereto, and being at large on bail. The minutes of the court for October 25 state that: " On motion of defendant's attorney, and consent of the district attorney,— case to stand over until November 2 next, at nine o'clock a. m." And on that day it appears that the case, on like motion and consent, was held open until November 5, at the same hour. It appears from the record that on the last-named day the defendant failed to appear, and his bail was forfeited; that afterwards, on the 7th of February, 1896, he appeared in court in the custody of the sheriff, and informed the court that he was ready for trial, and on the 8th of February he was arraigned on the information, and pleaded not guilty, and subsequently

pleaded a special plea of former acquittal, which was overruled, whereupon a new jury was impaneled and sworn, and his trial was commenced anew. At this trial the district attorney elected to proceed on the count for embezzlement only, and not for larceny, and moved for leave to amend the information, which was granted, and a new count was added, charging that, without the consent of the said Mary L. Smith, the defendant "unlawfully, wrongfully, and feloniously did take, carry away, and secrete, with intent the same to convert to his own use, certain moneys to the amount of $1,952," her property, etc. The record does not show that the former plea of not guilty had been withdrawn before the special plea was interposed, nor that the defendant was again arraigned, or pleaded to the information after the amendment, by adding the last-named count.

The verdict of the jury was that the defendant is "guilty of embezzlement in the manner and form as charged in the second count of the information." There is no bill of exceptions. It was assigned as error: (1) The court erred in adjourning the case, as it did, twice, in the absence of the defendant; (2) it did not appear that there was any issue in the case, the defendant not having been required to plead after the overruling of the plea of former acquittal; (3) the verdict is fatally uncertain; (4) it was error to allow the information to be amended by adding a new count thereto.

*Spencer Haven*, for the plaintiff in error, contended that the right of a person accused of a felony to be present at every stage of the prosecution is one which he cannot waive either expressly or by implication. *Prine v. Comm.* 18 Pa. St. 103; *Shelton v. Comm.* 89 Va. 450; *Maurer v. State*, 43 N. Y. 1; *Andrews v. State*, 34 Tenn. (2 Sneed), 550; *Douglass v. State*, 3 Wis. 820; *French v. State*, 85 Wis. 400, 409. In order to entertain the plea of former acquittal in bar it was absolutely essential that the plea of not guilty be withdrawn, and there was no issue at the time of the trial. *Hat-*

*field v. State,* 9 Ind. App. 296; *People v. Monaghan,* 102 Cal. 229.

For the defendant in error there was a brief by the *Attorney General* and *John L. Erdall,* Assistant Attorney General, and oral argument by *Mr. Erdall.*

PINNEY, J.　1. The two adjournments of the trial which were had in the absence of the defendant were at the request of his counsel, and evidently for the reason that the defendant did not choose to appear. After the 5th of November, 1895, to which time the last of such adjournments was had, proceedings on the trial thus commenced were wholly abandoned, because the defendant did not appear. These adjournments were not part of the proceedings that led to his conviction, as the trial upon which he was found guilty was commenced anew from the beginning, before a new jury, after the defendant's bail had been forfeited and he had been brought into court in the custody of the sheriff. Having prevented the completion of the trial first commenced by his own failure to appear at the time to which it was properly adjourned, he cannot now say that he was deprived of his constitutional right to be present when the two succeeding adjournments occurred, which could have in no way affected or influenced the result of which he complains. The state certainly had a right to put him on trial *de novo;* and if there was legal impropriety or error in these adjournments, it is entirely clear that they have had no legal influence on, or connection with, the trial upon which he was convicted.

2. It is contended that the pleading of the special plea of former acquittal operated as a withdrawal of the plea of not guilty, and that when the special plea was overruled there was then no issue in the case, and that it was error to proceed with the trial without requiring the defendant to plead *de novo.* This contention is founded upon a misap-

prehension. The plea of not guilty was a general plea in bar; the plea of a former acquittal was a special plea in bar of matter wholly independent of the former general plea, and when it was interposed did not properly or legally displace it. When it was overruled, the general plea in bar remained, and the issue formed by it remained for trial.

3. The contention that the verdict was fatally uncertain cannot be sustained. During the trial the district attorney elected to proceed against the defendant on the count for embezzlement only, and not upon the count for larceny. This operated as an abandonment and elimination of the count for larceny from the case, for the purposes of that trial at least. The second count was then added by way of amendment, and really became the second count in the case, and the defendant was found "guilty of *embezzlement* in the manner and form as charged in the *second* count of the information." The verdict was sufficiently certain. It was clear that by the second count in the indictment the added count for embezzlement was intended, and it would be an unreasonable and wholly unauthorized inference to hold that the jury intended to convict the defendant of embezzlement on a count for larceny that had been abandoned at the trial. We do not think there is any reason for supposing that there was any misapprehension on the part of the jury of the nature of the charge for which the defendant was being tried, and of which they in fact convicted him. The verdict must have a reasonable construction, and it would be, as it seems to us, trifling with justice to give it a strained and unreasonable one in order to arrive at the conclusion that it was in the least degree uncertain.

4. As to the question arising out of the amendment of the information during the trial, there is nothing to show that the evidence tending to establish it, or the amendment itself, was objected to. There is no bill of exceptions, and no exception to the ruling allowing the amendment, and, there-

fore, whether the information was properly amendable or not is not presented by the record, and there can be no reversal upon this alleged ground of error. None of the assignments of error can be maintained.

*By the Court.*— The judgment of the circuit court is affirmed.