Roth v. State, 180 Wis. 573.

———————

ROTH, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 7—May 1, 1923.*

*Informations: Right of accused to know specific offense charged: Intoxicating liquors: Variance between charge and conviction.*

1. Where one has been charged with unlawfully trafficking in intoxicating liquor in violation of sub. (3), sec. 1543, Stats. 1921, he cannot, under sec. 7, art. I, Const. (declaring that the accused shall enjoy the right to be heard by himself and counsel and to demand the nature and cause of the accusation against him), be convicted of a violation of sub. (5) (c), sec. 1543, Stats., which makes it unlawful for a person authorized to manufacture and sell certain medicines containing alcohol to knowingly sell the same for beverage purposes, or under circumstances from which he might reasonably deduce the intention of the purchaser to so use them.
2. The right of an accused person to demand the nature and cause of the accusation against him cannot be abrogated by any legislative provision.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Reversed.*

Plaintiff in error, hereinafter called the defendant, was convicted in the municipal court of Milwaukee county of the charge that on the 23d day of December, 1921, in the county of Milwaukee, Wisconsin, he did unlawfully traffic in, sell, vend, and give away certain intoxicating liquors containing more than one half of one per centum of alcohol by weight at 60 degrees Fahrenheit, for the purpose of evading the laws of the state of Wisconsin. To review such conviction and judgment the case is here upon writ of error.

*A. W. Richter* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, George A. Shaughnessy,* district attorney of Milwaukee county, and *Eugene Wengert,* assistant district attorney, and oral argument by *Mr. Wengert.*

OWEN, J. Sub. (3), (4), and (5) of sec. 1543, Stats. 1921, provide as follows:

"(3) *Dealing in intoxicating liquor prohibited.* After this act becomes operative, the manufacture, sale or transportation of intoxicating liquors, as herein defined, within, the importation thereof into, or the exportation thereof from the state of Wisconsin, except as may be herein or hereafter provided, is hereby prohibited.

"(4) *Exception.* Liquor for non-beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, transported, imported, exported, delivered, and possessed by complying with the 'National Prohibition Act' and by obtaining a permit from the commissioner. Nothing in this chapter shall prohibit the sale of warehouse receipts covering distilled spirits on deposit in government bonded warehouses.

"(5) *What not subject to this act.* (a) The articles enumerated in this subsection shall not, after having been manufactured and prepared for the market, be subject to the provisions of this chapter if they correspond with the following description and limitations, namely:

"1. Denatured alcohol or denatured rum produced and used as provided by the 'National Prohibition Act.'

"2. Medicinal preparations manufactured in accordance with formulas prescribed by the United States pharmacopœia, national formulary or the American institute of homeopathy, that are unfit for use for beverage purposes.

"3. Patented, patent, and proprietary medicines that are unfit for use for beverage purposes.

"4. Toilet, medicinal, and antiseptic preparations and solutions that are unfit for use for beverage purposes.

"5. Flavoring extracts and syrups that are unfit for use as a beverage.

"6. Vinegar and preserved sweet cider.

"(b) A person who manufactures any of the articles mentioned in this subsection may purchase and possess liquor for that purpose, but he shall secure permits to manufacture such articles and to purchase such liquor, give the bonds, keep the records and make the reports specified in this chapter, and as directed by the commissioner. No such manufacturer shall sell, use or dispose of any liquor otherwise than as an ingredient of the articles authorized to be manufactured therefrom. No more alcohol shall be used in the manufacture of any of the articles named in subdivisions 2, 3, 4 and 5 of this subsection than the quantity necessary for extraction or solution of the elements contained therein and for the preservation of the article.

"(c) No person shall knowingly sell any of the articles mentioned in subdivisions 1, 2, 3, 4 and 5 of this subsection for beverage purposes, nor sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purposes."

The proof showed that the defendant manufactured a product known as Doctor Heller's Bitters, pursuant to a permit so to do issued by the prohibition commissioner; that he sold this product by the case to one engaged in the business of selling soft drinks and that the latter sold such product as a beverage. The proof also showed that the bitters contained about sixteen per cent. of alcohol. Defendant contends that he was accused of one offense and convicted of another. With this contention we agree.

By the express terms of our prohibition act its general provisions do not apply to defendant's product. That product may be sold even though it contains more than one half of one per cent. of alcohol without violating the provisions of the act which prohibits trafficking in intoxicating liquors. However, defendant could not knowingly sell the product for beverage purposes, nor sell the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use it for such purposes. That, however, constitutes a distinct offense condemned by par. (c) of sub. (5) above quoted. The sale of defendant's product did not constitute the unlawful sale of intoxicating liquor condemned by sub. (3), but it might have been sold in such a manner as to constitute the offense condemned by par. (c) of sub. (5). There was evidence in the case from which the jury might have found that he sold the product "under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purposes." However, he was not charged with this offense, nor was the jury instructed that in order to find him guilty thereof they must find that he sold the product under such circumstances. Evidently the jury found him guilty because the proof showed that he sold a product containing more than one half of one per cent. of alcohol.

The defendant could not be accused of one offense and convicted of another. *Koetting v. State,* 88 Wis. 502, 60 N. W. 822. Under the provisions of sec. 7, art. I, of the state constitution, which declares that "In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him," he was entitled to know the offense of which he was charged. *Fink v. Milwaukee,* 17 Wis. 26; *State ex rel. Sullivan v. Tomah,* 80 Wis. 198, 49 N. W. 753. The information did not apprise him of the fact that he was accused of selling the product, which he was duly authorized to manufacture and sell, for beverage purposes,

nor that he sold the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use it for such purposes.

Neither does sub. (27) of said sec. 1543, which provides that "It shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was prohibited and unlawful," apply. Where the act specifies separate offenses the defendant is entitled to know of which specific offense he is accused. This is a constitutional right which no legislative provision can abrogate. *Fink v. Milwaukee,* 17 Wis. 26. Of this the defendant was not apprised by the information filed.

*By the Court.*—Judgment reversed, and cause remanded with directions to discharge the defendant.