LA FOND, Plaintiff in error, v. STATE, Defendant in error.*

*November 3—November 28, 1967.*

* Motion for rehearing denied, without costs, on January 30, 1968.

138

For the plaintiff in error there were briefs and oral argument by *Francis J. Demet* of Milwaukee.

For the defendant in error the cause was argued by *E. Michael McCann,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C.*

*La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

CONNOR T. HANSEN, J. The issue on appeal is whether the trial court committed error by amending the charge to one of contributing to the delinquency of a child in violation of sec. 947.15 (1) (a), Stats., after the evidence had been concluded, and thereupon finding the defendant guilty of said offense.

The defendant contends that the trial court found the defendant not guilty of the felony charge and that it was error to then amend the felony charge to a misdemeanor charge.

An examination of the record leads us to conclude that it does not support the position of the defendant. The trial occupied two days and at the conclusion of the trial, the trial court made a lengthy statement, from the bench, which is set forth in two and one-half pages in the transcript. In this pronouncement, the trial judge expresses considerable dissatisfaction with the evidence as presented, including the hostility of the prosecutrix while a witness. Included in this statement by the court is the following, ". . . that doubt must be resolved in favor of the defendant, and the court unfortunately, with great reluctance, is going to have to find the defendant not guilty of the charge of sexual intercourse with a child." The trial court then continues and finally concludes, ". . . Mr. Neubecker (counsel for defendant), I have no alternative, however, particularly on the testimony as corroborated by your client, I must find him guilty of contributing to the delinquency of a minor. It's a prima facie case; it certainly is well within the charge of sexual intercourse with a child."

Upon the conclusion of the statement above referred to, counsel for defendant requested permission to approach the bench with the state's attorney. The dis-

cussion between the trial judge and the respective counsel is unreported.

The trial judge then proceeded to render his decision, as follows:

"Further, based upon the testimony here, the court does amend the charge and does find, as stated, the defendant guilty of the charge of contributing to the delinquency of a minor."

Later in the day when the defendant was before the court for sentencing, both counsel had an opportunity to be heard. The state's attorney recommended a sentence of one year to the state reformatory, to run concurrently with the five-year sentence imposed in branch 12 of the circuit court, and counsel for the defendant stated that he appreciated the district attorney's recommendation. Then, when the court asked counsel for the defendant if he wished to be heard, he responded:

"Well, your Honor, in view of the recommendation of the district attorney that sentence be imposed and that it run concurrent to the sentence imposed by Judge Coffey, I would only say that I agree with the recommendation; I think this would be a fair sentence."

The court then proceeded to pronounce sentence.

A careful examination of the record reflects that at no time during the entire proceedings after the evidence had been completed did defendant interpose any objection of any nature whatsoever. The record in the trial court does not disclose that any error was alleged or objection made because of any element of unfairness, surprise at the amendment to the charge, lack of knowledge as to details or specifics of the charge or prejudice of any nature whatever or for any reason whatsoever. If an error was committed in the instant proceeding, it is deemed to have been waived by the failure to make timely objections. *Ferry v. State* (1954), 266 Wis. 508, 63 N. W.

2d 741; *State v. Vinson* (1955), 269 Wis. 305, 68 N. W. 2d 712, 70 N. W. 2d 1; *Bridges v. State* (1945), 247 Wis. 350, 357, 19 N. W. 2d 529, 19 N. W. 2d 862. Not only is there a complete absence of any objection, but on the contrary the record indicates complete acquiescence and agreement.

The defendant also urges that the action of the trial court placed the defendant in double jeopardy. This assertion is not correct. Also the misdemeanor crime of contributing to the delinquency of a minor (sec. 947.15 (1) (a), Stats.) is not an included crime within the felony charge of sexual intercourse with a child, sec. 944.10 (1).

Sec. 939.66, Stats., defines an included crime:

"**Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged."

In this case, the misdemeanor charge, sec. 947.15 (1) (a), Stats., requires proof of an additional fact, *i.e.*, the age of the defendant. Sec. 944.10 (1) applies to "any male," whereas sec. 947.15 (1) (a) applies to "any person 18 or older." Thus it would be possible for a seventeen-year-old male to violate sec. 944.10 (1) by having sexual relations with a child, but impossible for him to contribute to the delinquency of a minor, since he was not of the applicable statutory age. This would be consistent with the jurisdictional provisions of the Children's Code, ch. 48. The juvenile court would have exclusive jurisdiction if the child were under sixteen years of age; however, if the child was between sixteen and eighteen years of age, the juvenile court judge could waive jurisdiction for an alleged violation of the felony charge, sec. 944.10

(1), and he could be tried in a criminal court. However, because of the statutory eighteen-year-age requirement, a seventeen-year-old child could not under any circumstances be prosecuted for contributing to the delinquency of a minor, sec. 947.15 (1) (a). *See* secs. 48.12 and 48.18.

Sec. 944.10 (1), Stats., requires proof of an additional fact which sec. 947.15 (1) (a) does not require, *i.e.*, the act of sexual intercourse; while sec. 947.15 (1) (a) requires proof of an additional fact which sec. 944.10 (1) does not require, *i.e.*, the fact that the defendant was a person "18 or older."

Therefore, the defendant was not placed in double jeopardy since the instant situation consists of an exception to the limitation on the number of actions as provided in sec. 939.71, Stats.:

"**939.71 Limitation on the number of convictions.** If an act forms the basis for a crime punishable under more than one statutory provision of this state or under a statutory provision of this state and the laws of another jurisdiction, a conviction or acquittal on the merits under one provision bars a subsequent prosecution under the other provision *unless each provision requires proof of a fact for conviction which the other does not require.*" (Emphasis added.)

Consequently, had the defendant been found not guilty of a violation of sec. 944.10 (1), Stats., sexual intercourse with a child, and the case dismissed, he could have been subsequently prosecuted under sec. 947.15 (1) (a), contributing to the delinquency of a child.

It was also within the sound discretion of the trial judge to amend the charge to conform to the proof. Sec. 957.16, Stats.

"**Variances disregarded; amendment.** (1) The trial court may allow amendments in case of variance between the complaint or indictment or information and the proofs in all cases where the variance is not material to the merits of the action. After verdict the pleading shall be

deemed amended to conform to the proof if no objection based on such variance was timely raised upon the trial.

"(2) Upon allowing an amendment to the complaint or indictment or information, the court may direct other amendments thereby rendered necessary and may proceed with or postpone the trial."

In *Tandy v. State* (1896), 94 Wis. 498, 502, 503, 69 N. W. 160, the court said:

"As to the question arising out of the amendment of the information during the trial, there is nothing to show that the evidence tending to establish it, or the amendment itself, was objected to. There is no bill of exceptions, and no exception to the ruling allowing the amendment, and, therefore, whether the information was properly amendable or not is not presented by the record, and there can be no reversal upon this alleged ground of error."

Sec. 4703, Sanborn & Berryman Anno. Stats. (1898), was the controlling statute at the time of *Tandy, supra,* and the language of that statute was considerably more restrictive than the present sec. 957.16.

*By the Court.*—Judgment affirmed.

HEFFERNAN, J. (*dissenting*). As I understand the facts of this case, the defendant was charged with one offense and then, after all the evidence was in—after the defendant was foreclosed of any opportunity to defend on another charge—the judge *sua sponte* found the defendant guilty of a crime with which he had not been charged, but which he felt was proved by the evidence.

This on its face violates the provision of the Wisconsin Constitution stating:

"In all criminal prosecutions the accused shall enjoy the right . . . to demand the nature and cause of the accusation against him . . . ." Art. I, sec. 7.

In *Roth v. State* (1923), 180 Wis. 573, 576, 193 N. W. 650, we stated, in reversing a conviction in which the

evidence showed that the defendant sold a product containing more than one-half percent alcohol, when he was not so charged:

"The defendant could not be accused of one offense and convicted of another [citing case]. Under the provisions of sec. 7, art. I, of the state constitution . . . he was entitled to know the offense of which he was charged."

The statute upon which the majority relies is not applicable. Sec. 957.16, Stats., refers to "variances." The variances that may be disregarded or corrected by amendment are those "not material to the merits of the action." In the instant case, as the majority opinion makes clear, the failure of proof resulted in the inapplicability of the entire count charged. The majority's explanation of the fact that the new charge is not "double jeopardy" is proof that the new charge is materially different than the one appearing in the information. The difference is no mere variance.

Nor is it an answer to say, as does the majority, that, "he could have been subsequently prosecuted under sec. 947.15 (1) (a), Stats." Of course, he could have been, but if he were, he then would have the option of defending himself to that charge or, as appears likely in this case, to plead guilty—a right that is too often overlooked—with the consequent possibility of seeking the court's mercy.

I also consider the conclusion of the majority, that the issue cannot now be raised because there was no objection, to be without merit. If there was a waiver, it was of a constitutional right. While we have concluded that the presence of an attorney supplies the presumption that the defendant was apprised of his rights, we at least require an articulated waiver. In this case we have only a tacit agreement by counsel and no overt consent by the defendant. This is not sufficient. Although we are committed to the position that a waiver by a defendant who has counsel is made with full cognizance of his constitutional

rights, we do adhere to the requirement, in absence of other proof, that there be an *express* waiver by the defendant. There was none here. Moreover, the failure of a party to object does not foreclose this court from raising the matter if justice so requires.

"The right, long ago established in English law, of everyone accused of crime to be informed of the nature of the accusation against him is expressly preserved in the constitutions of the several jurisdictions." 21 Am. Jur. 2d, *Criminal Law*, p. 352, sec. 325.

The defendant was convicted of a crime not charged against him. Fundamental fairness, as well as adherence to the Constitution of Wisconsin and federal due process, requires a reversal.

I am authorized to state that Mr. Justice WILKIE joins me in this dissent.

The following memorandum was filed February 9, 1968.

PER CURIAM (*on motion for rehearing*). The plaintiff in error urges that he was given no opportunity to defend himself against the charge of contributing to the delinquency of a minor. It has also been called to our attention that the court's opinion might appear to sanction the practice of finding an accused guilty of an offense he was not charged with. Such was not our intention. However, we remain persuaded that our conclusion that any error was waived by the failure to make timely objection is correct.

Motion denied without costs.