**Michael LaFOND, Petitioner,**

v.

**Donald QUATSOE, Respondent.**

**No. 70-C-224.**

United States District Court,
E. D. Wisconsin.

March 9, 1971.

William M. Coffey, Milwaukee, Wis., for petitioner.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

OPINION AND ORDER

TEHAN, Chief Judge.

Following conviction of the misdemeanor of contributing to the delinquency of a minor in violation of § 947.15(1), Wis.Stats., on April 18, 1967, the state court revoked petitioner's probation granted on convictions of the charges of burglary and car theft in September 1965 and imposed two concurrent indeterminate sentences not to exceed five years each which are the basis of his present incarceration at the Wisconsin State Reformatory, Green Bay, Wisconsin. Following revocation of probation,

petitioner was then sentenced on the misdemeanor conviction to a term of one year imprisonment to be served concurrently with the other terms. The misdemeanor conviction was affirmed on writ of error to the Supreme Court of Wisconsin. See LaFond v. State, 37 Wis.2d 137, 154 N.W.2d 304, 156 N.W.2d 162 (1967).

Petitioner challenges the validity of the misdemeanor conviction and revocation of probation in the other cases allegedly based thereon. This court ordered the filing of the petition in forma pauperis and a return thereto; appointed counsel to represent petitioner in the proceedings; requested briefs and heard oral argument thereon.

■ Although the question of the propriety of revocation of probation in this case was not presented to the state supreme court, the issue of the validity of the misdemeanor conviction was raised and determined on writ of error. Respondent concedes that further state review of the claims of this petition would be a futile act. The requirement of exhaustion of available state corrective process may, therefore, be deemed to have been met.

■ Respondent contends that the question of the validity of the misdemeanor conviction is moot because the one year sentence imposed thereon had been completely served prior to the filing of the instant petition. If revocation of probation in the two prior cases was premised on the conviction of the misdemeanor, there are sufficient collateral legal consequences flowing from the challenged conviction to render the question of its validity actionable at this time since petitioner presently is serving the terms imposed on revocation of probation. See, United States ex rel. Lawrence v. Woods, 432 F.2d 1072, 1074 (7th Cir. 1970).

It appears from the record of the revocation proceeding that the probation officer, on the request of the court, stated that petitioner had had two misdemeanor convictions during his term of probation. The earlier one of these did not give rise to revocation. In view of the second conviction, challenged here, the officer recommended that petitioner not be shown further consideration since he had had numerous opportunities and had, obviously, not been able to conform his actions to the requirements of society. Petitioner's counsel commented that there was no doubt that petitioner was guilty of the misdemeanor offense as well as of other misconduct during his probationary period. Petitioner then stated that "this violation is something that I did not thinking," and requested the court to give him another chance. (R. p. 10, Petitioner's Exhibit 2) Thereafter, without further comment, the court revoked probation and imposed the two five year, concurrent terms.

It may be concluded from this record that the principal, if not sole, reason for revocation of probation was the conviction of the misdemeanor offense in accordance with the recommendation of the probation officer. Thus revocation and the imposition of the sentences petitioner is presently serving are collateral consequences of the conviction leaving its validity open to challenge at this time.

In respect to the misdemeanor conviction on the charge of contributing to the delinquency of a minor the record shows that petitioner initially had been charged with, prosecuted for and acquitted of an alleged violation of a felony under § 944.10(1), Wis.Stats., "Sexual intercourse with a child."

Petitioner had waived trial by jury. Following a two day trial to the court, the trial judge expressed dissatisfaction with the evidence as presented, including the hostility of the prosecutrix while a witness, and stated that the doubt had to be resolved in favor of petitioner. He continued,

" * * * (T)he court unfortunately, with great reluctance, is going to have to find the defendant not guilty of the charge of sexual intercourse with a child. * * *

* * * "I have no alternative, however, particularly on the testimony as

corroborated, I must find him guilty of contributing to the delinquency of a minor. It's a prima facie case; it certainly is well within the charge of sexual intercourse with a child." (R. p. 82, 84, Petitioner's Exhibit 1.)

Following unreported colloquy with counsel, the court continued,

"Further, based upon the testimony here, the court does amend the charge and does find, as stated, the defendant guilty of the charge of contributing to the delinquency of a minor." (R. p. 84, Petitioner's Exhibit 1.)

There is no objection of record by petitioner or by his counsel to the procedure of amending the charge and the finding of guilty thereon without entry of a plea or hearing. On sentencing, counsel expressed appreciation and agreement with the recommendation of a one year term to run concurrently with the five year terms imposed on revocation of probation in the other cases by another court.

The Wisconsin Supreme Court rejected the claim that the procedure placed petitioner in double jeopardy for the reason that the misdemeanor of contributing to the delinquency of a minor requires proof of the fact of the age of the accused since the offense defined in § 947.15(1), Wis.Stats. applied only to persons 18 years or older, whereas the original felony charge against petitioner of sexual intercourse with a child under § 944.10(1), Wis.Stats. covered "any male" and additionally required proof of the act of sexual intercourse. The Supreme Court further noted that § 957.-16, Wis.Stats. authorizes the court to allow amendments in case of variance between the charge and the proofs in all cases where the variance was not material to the merits of the action. It further determined that any error that might have been committed in amending the charge was to be deemed waived by petitioner's failure to make timely objections thereto. Respondent further submits that petitioner's and his counsel's statements on the subsequent revocation of probation are consonant with a deter-mination of waiver and an admission of guilt.

Petitioner contends that the trial court's sua sponte amendment of the charge and the conviction on the misdemeanor after acquittal of the felony charge placed him in double jeopardy and deprived him of notice of the criminal charge against him in violation of due process of law. Further, it is maintained that there can be no waiver of the fundamental right to notice since no presumption of waiver can arise from a silent record.

At the outset it is to be noted that the misdemeanor offense of which petitioner was convicted is not a lesser, included crime of the felony with which he was initially charged as the trial judge may have believed since the felony and misdemeanor offenses depend on proof of distinct, separate elements. The offenses not having the requisite identity, acquittal of one does not bar prosecution under the other charge as violative of the guarantee against double jeopardy. United States v. Collins, 432 F.2d 1136 (7th Cir. 1970).

Nor do the facts here bring the case within the doctrine of collateral estoppel embodied in the guarantee against double jeopardy under Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In Ashe the accused had been charged with robbery of a particular victim in a multiple robber, multiple victim occurrence at a poker game. Four victims testified concerning the circumstances of the robbery and the accused was acquitted due to insufficient evidence. The Supreme Court noted that the ultimate fact of whether or not the accused was one of the robbers had been determined by a valid and final judgment. The same issue could not be relitigated between the same parties merely by choosing another victim and evidence more favorable to the prosecution as was done in the lower courts. In the instant case, the felony and misdemeanor charges do not involve the same crime with alternate victims, but two distinct offenses potentially arising out of one occurrence.

The ultimate fact found on acquittal, that is that the proof was insufficient to establish that petitioner had engaged in intercourse with a child, would not be controlling on the issue whether he, as a person 18 years or older, had contributed to the delinquency of a minor. Thus, there can be no collateral estoppel here.

■ It is not disputed that petitioner was not afforded notice of or hearing on the charge of which he was summarily tried and convicted following acquittal of the felony accusation. This deprived him of due process of law. See Cole v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948) where it was said,

> "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."

Petitioner was thereby denied the opportunity to avail himself of the right to jury trial, to determine what plea to enter or what defenses to assert.

■ Amendment of the charge in this case to a different crime, not a lesser included offense, cannot be characterized as correction of a variance between accusation and proof that was not material to the merits of the case within § 957.16, Wis.Stats. See, Frazier v. Turner and another, 76 Wis. 562, 565, 45 N.W. 411 (1890) (warrant void for failing to set forth the value of the thing allegedly stolen cannot be amended to add the material element of the value since the differing degrees of larceny are dependent upon such value), and compare, State v. Bednarski, 1 Wis.2d 639, 642, 85 N.W. 2d 396 (1957) (precise ownership of land on which defendant tore down a fence not material in prosecution under § 343.-44 Wis.Stats. which makes the act unlawful "upon the land of another," thus rendering permissible amendment to correct the variance in this respect.)

■ Whether or not petitioner may be deemed to have waived the fundamental right of notice is to be determined according to federal standards. United States ex rel. Glenn v. Pate, 406 F.2d 68, 71 (7th Cir. 1969). Waiver is the intentional relinquishment of a known right and may not be presumed from a silent record. Johnson v. Zerbst, 304 U. S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

■ The record here does not disclose that petitioner was aware of his right to notice of the new charge or that he intentionally and expressly waived such right. The impression arising from the reported proceedings is that not only the court, but the state and the defense as well may have been of the opinion that the amended charge was nothing more than a lesser, included offense of the original felony charge. Defense counsel's acquiescence in the summary disposition in the trial court and his comments before the revoking court, summarized above, suggest that he, on behalf of his client, desired a speedy resolution of the charges facing petitioner without an awareness of any violation of due process. His conduct is not binding on petitioner whose own ambiguous plea for another chance before the revoking court cannot be deemed a competent waiver of his rights.

Two justices of the Wisconsin Supreme Court dissented in petitioner's case. The dissent concludes with this comment, LaFond v. State, 37 Wis.2d, at 145a, 154 N.W.2d at 308:

> " * * * The defendant was convicted of a crime not charged against him. Fundamental fairness, as well as adherence to the Constitution of Wisconsin and federal due process requires a reversal."

This court is of the opinion that the dissent is consonant with federal principles controlling on the collateral attack on the conviction on federal habeas corpus.

Accordingly, it is the order of this court that petitioner's conviction of the misdemeanor offense of contributing to the delinquency of a minor and the revocation of probation based thereon on April 19, 1967, must be and they are hereby vacated. It is the further order of the court that petitioner be released from the custody of the respondent warden unless he is granted a new hearing on the revocation of probation on the underlying car theft and burglary convictions within two weeks of date of this order.

The court expresses its appreciation to appointed counsel, Attorney William M. Coffey, for his able representation of petitioner.